**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

LEONARD MICHAEL MARELLA,
        *Plaintiff-Appellant,*

v.

C. A. TERHUNE, Director of the
California Department of
Corrections; R. M. HOUSTON, Chief
Deputy Warden, Calipatria; C. G.
BUTLER, Captain, Calipatria;
DENISE EDWARDS, Appeals
Coordinator, CCII, Calipatria;
HARRIET FASOLO, Appeals
Coordinator, CCII, Calipatria; A.
TERHUNE, Correctional Counselor
II, (A) Calipatria State Prison,
Facility "B"; M. K. ORMAND,
Correctional Counselor I,
Calipatria State Prison Facility
"B",
        *Defendants-Appellees.*

No. 07-55006

D.C. No.
CV-03-00660-RTB

ORDER
AMENDING
OPINION AND
AMENDED
OPINION

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted
January 16, 2009—San Francisco, California

Filed April 14, 2009
Amended June 5, 2009

Before: J. Clifford Wallace, Jerome Farris and
M. Margaret McKeown, Circuit Judges.

7035

Per Curiam Opinion

## COUNSEL

Jeffrey T. Renz, Director, Montana Defender Project, University of Montana School of Law, Missoula, Montana, Attorney

for the appellant; Zachary Strong, Law Student, Missoula, Montana, argued the case for the appellant; Sabrina Hansen, Law Student, Missoula, Montana, was on the briefs for the appellant.

Edmund G. Brown Jr., Attorney General, David S. Chaney, Chief Assistant Attorney General, Frances T. Grunder, Senior Assistant Attorney General, Michelle Des Jardins, Supervising Deputy Attorney General, Phillip Lindsay, Deputy Attorney General, San Diego, California; Attorney for the appellees.

**ORDER**

The opinion in the above-captioned matter filed on April 14, 2009, and published at 562 F.3d 983 (9th Cir. 2009), is amended as follows:

  1. Slip op. page 4321, line 17 (after the carry-over paragraph):

     Insert as a new paragraph <The absence of a proper administrative process for a prisoner to appeal from an initial rejection of an appeal does not abrogate the requirement that he comply with a prison's procedural requirements. If a prisoner had full opportunity and ability to file a grievance timely, but failed to do so, he has not properly exhausted his administrative remedies. *See Woodford*, 548 U.S. at 88. On remand, if the district court finds that Marella had the opportunity and ability to file his initial grievance timely, but failed to do so, his case should be dismissed.>

Having made the foregoing amendment to the opinion, the panel has unanimously voted to deny Appellees' Petition for

Rehearing, and the petition for clarification is DENIED as moot. No further petitions for rehearing or rehearing en banc will be accepted.

---

**OPINION**

PER CURIAM:

Marella appeals from the district court's dismissal of his civil rights action for failure to exhaust administrative remedies, as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). The district court had jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343 and 1367. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.

Marella, a prisoner at the Calipatria State Prison, filed a complaint against prison officials under 42 U.S.C. § 1983, alleging violations of his constitutional rights stemming from a knife attack by his fellow inmates. Prison officials filed a motion for summary judgment on grounds unrelated to exhaustion of administrative remedies. The magistrate judge (MJ) notified Marella under *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (en banc), that he was required to oppose the motion with evidence. While the motion for summary judgment was pending, the MJ requested that prison officials supplement their motion with information regarding whether Marella exhausted administrative remedies. The prison officials took the position that Marella had not exhausted administrative remedies because his first formal grievance was untimely filed.

Prior to filing his complaint in federal court, Marella had filed a grievance within the prison system, which the prison rejected on procedural grounds. The history of Marella's appeal within the prison system is key to whether he exhausted his administrative remedies, as required by the

PLRA. Following the knife attack, Marella spent two days in the hospital, subsequently moved to the infirmary, and finally, was placed in administrative segregation. He contends that he was unable to acquire and complete a grievance form during that time. Following his release, thirty-three days after the knife attack, he filed his grievance regarding the knife attack with the prison. This grievance was filed at the first formal level of review. The grievance was denied as untimely, and the grievance form stated that he may only appeal the denial if the reason for the denial was inaccurate. Marella nevertheless appealed the denial to the Director of Corrections (the third and final level of review within the California prison system), and was informed that his appeal was rejected because he did not first complete a second level of review.

In the federal court proceeding, the MJ concluded that Marella had not exhausted administrative remedies because his initial grievance was untimely filed, and determined that there are no exceptions to the timely filing requirement. The district court adopted the MJ's Report and Recommendations, and also held that Marella failed to exhaust administrative remedies because he failed to appeal his grievance properly through the third and final level of the prison grievance system. The district court dismissed Marella's complaint without prejudice.

[1] The MJ and the district court (through its adoption of the MJ's Report and Recommendation) erred in concluding that, as a matter of law, no exceptions to the timely filing requirement exist. Marella contends that he was unable to file his grievance timely because he did not have access to the necessary forms and he did not have the ability to complete them during the fifteen-day filing period; therefore, no remedy was available for him to exhaust properly. Marella was required to "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). The California

prison system's requirements "define the boundaries of proper exhaustion." *See Jones v. Bock*, 549 U.S. 199, 218 (2007). The California Code of Regulations provides that an inmate must submit an appeal within fifteen working days of the event or decision being appealed, but the appeals coordinator is only permitted to reject an appeal if "[t]ime limits for submitting the appeal are exceeded *and* the appellant had the opportunity to file within the prescribed time constraints." Cal. Code Regs. tit. 15 §§ 3084.6(c) and 3084.3(c)(6) (emphasis added). The California Department of Corrections and Rehabilitation Operating Manual directs the appeals coordinator to "ensure that the inmate or parolee had, in fact, the opportunity to file in a timely manner." Section 54100.8.1. Thus, the prison's regulations explicitly create an exception to the timely filing requirement. If Marella was unable to file within the fifteen-day filing period, his failure to file timely does not defeat his claim. The MJ found that Marella was only in the hospital for two nights, but the MJ did not make factual findings as to whether Marella had access to the necessary forms and whether he had the ability to file during his stay in the hospital and prison infirmary, or during the administrative lockdown. On remand, the district court should consider whether Marella had the opportunity to file within fifteen days following the assault.

**[2]** The district court also erred in dismissing Marella's complaint for failure to exhaust his administrative remedies beyond the second level of the prison appeals system because Marella had been informed that the appeals process was unavailable to him. *See Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005) (the PLRA "does not require exhaustion when *no* pertinent relief can be obtained through the internal process"). Marella was not required to "exhaust further levels of review once he [had] . . . been reliably informed by an administrator that no remedies are available." *See id.* After Marella filed his first level appeal, he received a form rejecting the appeal because it was not timely filed and there was "no explanation of why [he] did not, or could not, file in a timely

manner." The form also stated that "[t]his screening action may not be appealed unless you allege that the above reason is inaccurate." Marella did not dispute that his appeal was untimely, and he did not dispute that he had not explained why he was unable to file in a timely manner. Thus, according to the form, he was not permitted to appeal the decision. Therefore, we reverse the district court's dismissal of the case for failure to appeal properly because the appeals process was unavailable to him.

The absence of a proper administrative process for a prisoner to appeal from an initial rejection of an appeal does not abrogate the requirement that he comply with a prison's procedural requirements. If a prisoner had full opportunity and ability to file a grievance timely, but failed to do so, he has not properly exhausted his administrative remedies. *See Woodford*, 548 U.S. at 88. On remand, if the district court finds that Marella had the opportunity and ability to file his initial grievance timely, but failed to do so, his case should be dismissed.

**[3]** Although Marella received a proper *Rand* notice earlier (*see Rand*, 154 F.3d at 960-61), the question is whether a second *Rand* notice was required following the order requesting supplemental briefing as to whether *Woodford* requires him to provide evidentiary support to rebut defendants' claim that he had not exhausted administrative remedies. The question is close, but we conclude fair notice requires more. The order for supplemental briefing "inject[ed] renewed uncertainty and complexity into the summary judgment procedure," therefore, the previously issued *Rand* notice did not effectively give Marella fair notice that he should have submitted evidence regarding exhaustion of remedies. *See Wyatt v. Terhune*, 315 F.3d 1108, 1115 (9th Cir. 2003). On remand, Marella should be allowed to submit evidence regarding exhaustion of remedies.

**REVERSED AND REMANDED.**