**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MANUEL ANTONIO GONZALEZ, III, | No. 08-16440 |
| Plaintiff - Appellant, | D.C. No. 3:07-CV-00180-SI |
| v. | |
| T. MASON; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Susan Yvonne Illston, District Judge, Presiding

Submitted October 20, 2009**

Before:    SKOPIL, LEAVY, and T.G. NELSON, Circuit Judges.

Manuel Antonio Gonzalez III, a California state prisoner, appeals pro se the

district court's dismissal of his 42 U.S.C. § 1983 action for failure to exhaust

administrative remedies.  We affirm.

---

&ast;      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

&ast;&ast;      The panel unanimously finds this case suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2).

**DISCUSSION**

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), requires that a prisoner exhaust available administrative remedies before bringing a federal action concerning prison conditions. *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009). The exhaustion must be "proper," meaning that all steps the prison requires must be satisfied. *Id.*

We agree with the district court that Gonzalez failed to exhaust his administrative remedies. Moreover, the district court did not clearly err in finding that Gonzalez was not prevented from filing prison grievances. *See Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003) ("In deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the court may . . . decide disputed issues of fact."). Finally, there is no merit to Gonzalez's contention that he exhausted his claims because prison officials otherwise had "notice" of his complaints. *See Marella v. Terhune*, 568 F.3d 1024, 1027 (9th Cir. 2009) (noting prisoners must "complete the administrative review process in accordance with the applicable procedural rules") (*quoting Woodford v. Ngo*, 548 U.S. 81, 88 (2006)).

AFFIRMED.[1]

_____

[1] Gonzales submitted documents on appeal that were not part of the record below. Appellees' motion to strike those documents from the record on appeal is granted.