FILED

MAR 03 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KEVIN G. ROBY, | No. 09-15603 |
| Plaintiff - Appellant, | D.C. No. 5:08-cv-01113-JF |
| v. | |
| T. STEWART, Sergeant; et al., | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Jeremy Fogel, District Judge, Presiding

Submitted February 16, 2010 [**]

Before:     FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

Kevin G. Roby, a California state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action for failure to exhaust

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2).

PDM/Research

administrative remedies pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to exhaust, and for clear error its factual determinations, *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003), and we vacate and remand.

Defendants have not met their burden of proving that Roby's action should be dismissed for failure to exhaust administrative remedies. They failed adequately to address Roby's sworn affidavit that a prison official told him that he need not pursue administrative appeals about being double-celled and attacked by his cellmate in 2005. *See Marella v. Terhune*, 562 F.3d 983, 985 (9th Cir. 2009) (per curiam) (holding that the district court erred in dismissing prisoner's complaint for failure to exhaust administrative remedies where the prisoner was informed that the appeals process was unavailable to him); *Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005) ("[A] prisoner need not press on to exhaust further levels of review once he has either received all 'available' remedies at an intermediate level of review or been reliably informed by an administrator that no remedies are available."); *Wyatt*, 315 F.3d at 1119 ("[D]efendants have the burden of raising and proving the absence of exhaustion.").

**VACATED and REMANDED.**