FILED

JUN 15 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MITCHELL WHITE,

               Plaintiff - Appellant,

   v.

GUY HALL; et al.,

               Defendants - Appellees.

No. 09-35221

D.C. No. 3:07-cv-01574-AC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Ancer L. Haggerty, District Judge, Presiding

Submitted May 25, 2010[**]

Before:    CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

    Mitchell White, an Oregon state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging that prison

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

officials violated his Eighth and Fourteenth Amendment rights. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to exhaust administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), and review for clear error its factual determinations. *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003). We affirm in part, reverse in part, and remand.

The district court properly dismissed White's claims concerning a program failure report and requests for transfer because White failed to exhaust administrative remedies prior to filing suit. *See Woodford v. Ngo*, 548 U.S. 81, 93-95 (2006) (holding that "proper exhaustion" under section 1997e(a) is mandatory and requires adherence to administrative procedural rules).

However, the district court improperly determined that White failed to exhaust administrative remedies for his medical care claim. Defendants issued a Returned Grievance Form rejecting White's grievance appeal and stating that "[y]ou can not file a grievance/appeal on an issue that is currently pending a TORT claim." Because White was informed that the appeals process was unavailable to him, he was not required to exhaust further levels of review. *See Marella v. Terhune*, 568 F.3d 1024, 1027 (9th Cir. 2009) (per curiam) (concluding that the district court erred in dismissing prisoner's complaint for failure to exhaust

administrative remedies where the prison's grievance rejection form informed him that the appeals process was unavailable to him). Accordingly, we reverse and remand for further proceedings on this claim.

White's remaining contentions are unpersuasive.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**