**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOHN WASHINGTON,

          Plaintiff - Appellant,

  v.

SALEM MOHAMED, Chaplain of the
CDC and Rehabilitation; et al.,

          Defendants - Appellees.

No. 09-17216

D.C. No. 2:08-cv-00386-MCE-
CMK

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted June 29, 2010[**]

Before:    ALARCÓN, LEAVY, and GRABER, Circuit Judges.

    John Washington, a California state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action for failure to exhaust

administrative remedies under the Prison Litigation Reform Act, 42 U.S.C.

---

      [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1997e(a). We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to exhaust, *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003), for clear error its factual determinations, *id.*, and for an abuse of discretion its decision whether to hold an evidentiary hearing, *McLachlan v. Bell*, 261 F.3d 908, 910 (9th Cir. 2001). We vacate and remand.

The district court denied Washington's requests for an evidentiary hearing and dismissed the action for failure to exhaust administrative remedies because, considering the parties' competing declarations, Washington could not show that it was "more likely than not" that defendant Hilliard instructed him not to file an administrative grievance. But defendant Hilliard had the burden of proving the absence of exhaustion. *Wyatt*, 315 F.3d at 1120. Accordingly, we vacate and remand for the district court to develop the record. *See id.* (vacating and remanding for development of the record where the documents produced by defendants were inadequate to establish failure to exhaust); *see also Marella v. Terhune*, 568 F.3d 1024, 1027 (9th Cir. 2009) (per curiam) (district court erred in dismissing prisoner's complaint for failure to exhaust where the prisoner was informed that the appeals process was unavailable to him).

Defendants shall bear the parties' costs on appeal.

**VACATED and REMANDED.**

09-17216