**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JENGHIZ K. STEWART, | No. 10-16644 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-00674-MHM |
| v. | |
| UNKNOWN BEZY; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Mary H. MURGUIA, District Judge, Presiding

Submitted May 17, 2012[**]
San Francisco, California

Before: THOMAS, McKEOWN, and W. FLETCHER, Circuit Judges.

Jenghiz K. Stewart appeals the district court's order granting summary

judgment. We affirm. Because the parties are familiar with the factual and legal

history of this case, we need not recount it here.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

I

The district court did not abuse its discretion in striking untimely filed pleadings. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 605, 607 (9th Cir. 1992) (describing standard). Stewart filed his response in opposition to Defendants' summary judgment motion 26-days past the court's final filing deadline. Prior to filing his response, Stewart had requested multiple extensions. The district court, noting the challenges that Stewart faced as an incarcerated pro se litigant, granted many of these extension requests. *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). But a district court need not extend deadlines indefinitely. Stewart failed to demonstrate any excusable neglect for his untimely filing. *See Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

Under these circumstances, the district court did not abuse its discretion in granting the Motion to Strike the untimely response.

II

The district court properly granted summary judgment. The Prison Litigation Reform Act, which governs this appeal, provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until

such administrative remedies as are available are exhausted." 42 U.S.C.

§ 1997e(a); *see also Woodford v. Ngo*, 548 U.S. 81, 93-95 (2006).

Stewart did not exhaust the Arizona Department of Corrections mandatory four-step inmate grievance procedure, and nothing in the record supports the conclusion that administrative remedies were "effectively unavailable" to Stewart. *Cf. Nunez v. Duncan*, 591 F.3d 1217, 1223-26 (9th Cir. 2010); *Marella v. Terhune*, 568 F.3d 1024, 1027-28 (9th Cir. 2009). Even if Stewart did not receive a response to his intermediate administrative appeal, the grievance procedures still permitted him to continue on to the fourth and final step of his appeal. After proceeding to step three of his grievance appeal, Stewart waited more than sixteen months to file this suit. Given the unexcused failure to exhaust mandatory remedies, the district court properly granted summary judgment.

**AFFIRMED. All pending motions denied as moot.**