NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 23 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GORDON McCAIN,

        Plaintiff-Appellant,

  v.

COLLETTE PETERS, Director O.D.O.C.;
et al.,

        Defendants-Appellees.

No.   15-35231

D.C. No. 2:13-cv-01632-AA

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Submitted February 14, 2017[**]

Before:    GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

    Gordon McCain, an Oregon state prisoner, appeals pro se from the district

court's summary judgment for failure to exhaust administrative remedies in his 42

U.S.C. § 1983 action alleging medical deliberate indifference and equal protection

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

claims arising from the prison's refusal to provide him testosterone injections. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014) (en banc). We vacate and remand.

The district court correctly observed that McCain had not pursued his grievances beyond the first level. However, the district court did not expressly consider McCain's evidence that he was not provided with instructions on how to file an appeal, that he did not have access to the necessary forms, or that he had been informed by a prison official that he could not appeal his grievances. *See Sapp v. Kimbrell*, 623 F.3d 813, 823 (9th Cir. 2010) (explaining that the Prison Litigation Reform Act ("PLRA") does not require exhaustion when circumstances render administrative remedies "effectively unavailable"); *Marella v. Terhune*, 568 F.3d 1024, 1027 (9th Cir. 2009) (administrative remedies may be effectively unavailable where the prisoner lacks the necessary forms or is reliably informed that he cannot file a grievance). Moreover, McCain's failure to include a particular legal theory or failure to identify each named defendant in his grievances is not a valid basis for concluding that he did not exhaust administrative remedies. *See Reyes v. Smith*, 810 F.3d 654, 658-59 (9th Cir. 2016) (under the PLRA, a grievance need not include legal terminology, legal theories, or provide personal notice to a particular official that he may be sued). Accordingly, we vacate and remand for further proceedings.

15-35231

Appellees shall bear the costs on appeal.

**VACATED and REMANDED.**