NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RODERICK SKINNER, | No. 17-16054 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-00340-MMD-VPC |
| v. | |
| RENEE PFISTER, Nurse; DANELLI TAYLOR, Nurse, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted January 16, 2018**

Before:     REINHARDT, TROTT, and HURWITZ, Circuit Judges.

Roderick Skinner, a Nevada state prisoner, appeals pro se from the district

court's summary judgment for failure to exhaust administrative remedies in his 42

U.S.C. § 1983 action alleging a deliberate indifference claim arising out of events

that occurred while he was detained at Washoe County Jail.  We have jurisdiction

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review de novo. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015). We vacate and remand.

The district court concluded that Skinner failed to exhaust his administrative remedies. It is undisputed that Skinner did not file a grievance related to his present claims. However, it is unclear from the record when Skinner was aggrieved sufficiently to trigger the grievance deadline, and even if he was aggrieved, whether Skinner was able to initiate the grievance process due to his illness and subsequent hospitalization. *See Marella v. Terhune*, 568 F.3d 1024, 1027 (9th Cir. 2009) (remanding for the district court to consider whether prisoner-plaintiff was able to initiate the grievance process while receiving medical treatment and during administrative lockdown). We vacate and remand for the district court to consider whether administrative remedies were unavailable to Skinner.

The parties shall bear their own costs on appeal.

**VACATED and REMANDED.**