**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 23 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN ROBERT GANOE, | No. 17-16826 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-00019-GEB-CKD |
| v. | |
| T. ABREU; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted February 13, 2017**

Before:    LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

John Robert Ganoe appeals pro se from the district court's summary

judgment for failure to exhaust administrative remedies in his 42 U.S.C. § 1983

action alleging deliberate indifference to his safety.  We have jurisdiction under 28

U.S.C. § 1291.  We review de novo.  *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir.

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

2014) (en banc). We vacate and remand.

The district court concluded that Ganoe failed to exhaust administrative remedies because his grievance was untimely, and he failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable. However, the record shows that on August 31, 2015, Ganoe submitted a grievance explaining why he did not timely grieve the three beatings that gave rise to this action. Specifically, Ganoe explained that he lacked the necessary forms, he was permanently blinded from one of the beatings and recovering in the infirmary for three months, and he suffered emotional trauma as a result of the three beatings. *See Sapp v. Kimbrell*, 623 F.3d 813, 823 (9th Cir. 2010) (explaining that the Prison Litigation Reform Act does not require exhaustion when circumstances render administrative remedies "effectively unavailable"); *Marella v. Terhune*, 568 F.3d 1024, 1027 (9th Cir. 2009) (administrative remedies may be effectively unavailable where circumstances render the prisoner unable to initiate the grievance process in a timely manner). Because the district court did not expressly consider Ganoe's evidence explaining his delay in filing the grievance, we vacate and remand for further proceedings.

Appellees shall bear the costs on appeal.

**VACATED and REMANDED.**