**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 16 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRIAN A. JEREMIAH, | No. 18-35450 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-00532-TC |
| v. | |
| ALY, Sgt.; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Submitted November 8, 2021**

Before:    CANBY, TASHIMA, and MILLER, Circuit Judges.

Oregon state prisoner Brian A. Jeremiah appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging federal claims.

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Thomas v.*

*Ponder*, 611 F.3d 1144, 1149 (9th Cir. 2010).  We affirm in part, vacate in part,

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and remand.

The district court properly granted summary judgment as to claims one through 13 because Jeremiah failed to state a claim, failed to exhaust his administrative remedies, and failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (proper exhaustion requires "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)" (emphasis, citation, and internal quotation marks omitted)); *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (explaining that deliberate indifference must involve more than ordinary lack of due care for a prisoner's safety and constitute conduct that is akin "obduracy and wantonness); *McBride v. Lopez*, 807 F.3d 982, 986-88 (9th Cir. 2015) (to show that a threat rendered the prison grievance system unavailable, a prisoner must show that he subjectively believed prison officials would retaliate against him and that his belief was objectively reasonable).

As to claims 14 through 16, Jeremiah presented evidence that he was erroneously instructed by an administrator that he could not grieve these issues because they arose from a misconduct report, and he also presented evidence that this erroneous instruction appeared in other grievance responses. *See Marella v. Terhune*, 568 F.3d 1024, 1027 (9th Cir. 2009) (per curiam) (administrative remedies may be effectively unavailable where the prisoner is reliably informed

that he is not permitted to appeal a decision). We vacate and remand with respect to claims 14 through 16 so the district court may consider this evidence.

The district court did not abuse its discretion by denying Jeremiah discovery connected to defendants' photographic evidence. *See Sablan v. Dep't of Fin.*, 856 F.2d 1317, 1321 (9th Cir. 1988) ("[A district court's] decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant." (citation and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

The parties will bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**

3                                                                                    18-35450