**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JASON McCORD PATTEN, | No. 13-57067 |
| Plaintiff - Appellant, | D.C. No. 5:11-cv-01633-DSF-RZ |
| v. | |
| C. CLARK, R.N.; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted November 18, 2015[**]

Before:     TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

Former California state prisoner Jason McCord Patten appeals pro se from the district court's judgment dismissing for failure to exhaust administrative remedies his 42 U.S.C. § 1983 action alleging First and Eighth Amendment claims arising out of his dental care. We have jurisdiction under 28 U.S.C. § 1291. We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review de novo. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015). We affirm in part, vacate in part, and remand.

The district court properly concluded that Patten failed to exhaust his administrative remedies because Patten's grievances filed at San Quentin and Avenal State Prison did not sufficiently put prison officials on notice as to the nature of the wrong underlying his deliberate indifference and retaliation claims against Lee and Branton for misconduct occurring at Chukawalla Valley State Prison ("CVSP"). *See Griffin v. Arpaio*, 557 F.3d 1117, 1120-21 (9th Cir. 2009) (explaining that "a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought" (citation and internal quotation marks omitted)).

However, Patten alleged that he did not file grievances while he was incarcerated at CVSP because he was afraid of retaliation based on threats by Branton. In *McBride v. Lopez*, — F.3d ----, 2015 WL 7434623, at *1, 3-4 (9th Cir. Nov. 24, 2015), which was issued after the district court's decision, this court held "that fear of retaliation may be sufficient to render the inmate grievance procedure unavailable" and adopted a two-part test requiring a prisoner to provide a subjective and objective basis for the fear. Therefore, in light of this intervening authority, we vacate, and remand for the district court to determine in the first

instance whether administrative remedies were effectively unavailable on Patten's claims against Lee and Branton.

The district court did not abuse its discretion in dismissing Patten's deliberate indifference claim against Walker in the instant action as duplicative of his claim against Walker in an earlier-filed action, *Patten v. Stone*, No. 5:11-cv-02057-LHK (N.D. Cal.), because the causes of action, relief sought, and parties are the same in both actions. *See Adams v. Cal. Dep't of Health Servs*., 487 F.3d 684, 688-89 (9th Cir. 2007) (setting forth standard of review and explaining that in determining whether a later-filed action is duplicative, this court examines "whether the causes of action and relief sought, as well as the parties or privies to the action, are the same"), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

The district court dismissed the five unserved defendants without prejudice because Patten failed to provide the U.S. Marshals Service with accurate and sufficient information to serve them. However, the record indicates that Patten provided the U.S. Marshals Service with the full names and addresses for the five unserved defendants and later provided updated address information. *See Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990) (a prisoner "proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service" and as long as he or she

"provide[s] the necessary information to help effectuate service," a prisoner "should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal . . . has failed to perform [its] duties"). The record does not indicate why the U.S. Marshal was unable to effectuate service. Accordingly, we vacate and remand for further proceedings as to the five unserved defendants.

Patten's request for sanctions against the unserved defendants, set forth in his opening brief, is denied.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**