**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES JOHN MCBRIDE, *Plaintiff-Appellant*, v. S. LOPEZ; R. RUGGLES; M. PEREZ; D. LOPEZ; S. KOCH; R. ATHEY, Sgt., *Defendants-Appellees*. | No. 12-17682 D.C. No. 1:10-cv-02229-AWI-BAM ORDER AND AMENDED OPINION |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Senior District Judge, Presiding

Argued and Submitted
April 13, 2015—San Francisco, California

Filed June 30, 2015
Amended November 24, 2015

Before: Mary M. Schroeder and N. Randy Smith, Circuit
Judges and Roger T. Benitez,[*] District Judge.

Order;
Opinion by Judge Schroeder

---

[*] The Honorable Roger T. Benitez, District Judge for the U.S. District Court for the Southern District of California, sitting by designation.

## SUMMARY[**]

### Prisoner Civil Rights

The panel amended its prior opinion, filed on June 30, 2015, denied a petition for panel rehearing, denied a petition for rehearing en banc on behalf of the court, and ordered that no further petitions shall be entertained.

The panel affirmed the district court's order granting defendants' motion to dismiss a prisoner civil rights action for failure to exhaust administrative remedies under the Prison Litigation Reform Act.

The panel held preliminarily that although exhaustion issues must generally be decided on a motion for summary judgment pursuant to Fed. R. Civ. P. 56, in this case there was no need for further factual development. The panel determined that this case turned on the adequacy of the complaint to establish an objective basis for the plaintiff's fear of retaliation. It therefore fell into the category of "rare cases" noted in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc), where the prisoner's failure to exhaust is clear from the face of the complaint and the result would not be altered by discovery.

The panel held that fear of retaliation may be sufficient to render an inmate grievance procedure effectively unavailable and thereby excuse the prisoner's failure to exhaust administrative remedies. To determine whether failure to

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

exhaust is excusable, the panel approved the test applied by the Eleventh Circuit in *Turner v. Burnside*, 541 F.3d 1077, 1084–85 (11th Cir. 2008). Under the test, a prisoner must provide both a subjective and objective basis for the fear of retaliation. The panel held that in this case, there was no objective indication that a reasonable inmate would have understood the prison guard's statements to be aimed at deterring the inmate from filing a grievance. Though the guards' statements may have seemed threatening, an inmate would not have reasonably understood that the guards intended to retaliate for filing a grievance.

## COUNSEL

Tom Wyrwich (argued), Davis Wright Tremaine LLP, Seattle, Washington, for Plaintiff-Appellant.

Kamala D. Harris, Attorney General of California, Thomas S. Patterson, Supervising Deputy Attorney General, Suzanne Antley (argued) and Neah Huynh, Deputy Attorneys General, San Diego, California, for Defendants-Appellees.

**ORDER**

The opinion filed on June 30, 2015 is amended as follows:

Add the following after the last sentence of the first paragraph on Slip Op. page 4, line 10:

> This case turns on the adequacy of the complaint to establish an objective basis for the plaintiff's fear of retaliation. It therefore falls into the category of "rare cases" noted in *Albino*, where the prisoner's failure to exhaust is clear from the face of the complaint and the result would not be altered by discovery. *See id.* at 1169.

Replace the following text on Slip. Op. page 11:

> There was no objective indication the guards' statements were aimed at deterring McBride from filing a grievance. There is no allegation or evidence that the guards believed McBride was contemplating filing a grievance. McBride had not asked for materials necessary to file a grievance or given any indication to prison officials that he intended to file a grievance.

With:

> There was no objective indication that a reasonable inmate would have understood the statements to be aimed at deterring the inmate

> from filing a grievance. Though the guards'
> statements may have seemed threatening, an
> inmate would not have reasonably understood
> that the guards intended to retaliate for filing
> a grievance.

The panel has voted to deny the petition for panel rehearing. Judge N.R. Smith has voted to deny the petition for rehearing en banc, and Judges Schroeder and Benitez have so recommended.

The full court has been advised of the petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.

The petition for panel rehearing and the petition for rehearing en banc are **denied**. Further petitions for rehearing and rehearing en banc shall not be entertained.

---

## OPINION

SCHROEDER, Circuit Judge:

The Prison Litigation Reform Act ("PLRA") requires the exhaustion of available prison administrative remedies before a prisoner may file suit in federal district court. The requirement may, however, be excused under certain limited circumstances where the intervening actions or conduct by prison officials render the inmate grievance procedure unavailable. In this case, for the first time in our circuit, we consider a claim that a threat of retaliatory action by a prison guard had the effect of rendering the prison grievance system

unavailable so as to excuse the prisoner's failure to meet the time limitation for filing a grievance. We join other circuits in holding that fear of retaliation may be sufficient to render the inmate grievance procedure unavailable, and we approve the test applied in the Eleventh Circuit that requires both a subjective and objective basis for the fear. We hold in this case that McBride failed to show an objective basis for his belief that prison officials would retaliate against him for filing a grievance. We therefore affirm the district court's dismissal of the complaint.

We observe as a preliminary matter that we decide this appeal after our court's decision in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc), which overruled our prior circuit practice of deciding exhaustion issues on the basis of an "unenumerated motion" to dismiss pursuant to Federal Rule of Civil Procedure 12(b). *Id.* at 1168. We held that exhaustion issues must instead generally be decided on a motion for summary judgment pursuant to Rule 56. *Id.* *Albino* does not affect our decision in this case because there is no need for further factual development. This case turns on the adequacy of the complaint to establish an objective basis for the plaintiff's fear of retaliation. It therefore falls into the category of "rare cases" noted in *Albino*, where the prisoner's failure to exhaust is clear from the face of the complaint and the result would not be altered by discovery. *See id.* at 1169.

## BACKGROUND

The case arises out of an incident at Pleasant Valley State Prison in California, where the plaintiff-appellant James McBride was an inmate. On July 4, 2010, McBride allegedly began an altercation with guards by throwing an unknown "burning liquid" in the eyes of one guard, Lopez, after

McBride was told that he and other inmates were to be housed in a different building.  According to McBride, several guards, including defendants Lopez and Ruggles, then punched and kicked him repeatedly in the head, causing bleeding and swelling.  The guards stated in their reports of the incident that they were using appropriate force to subdue McBride, while McBride claims the force the guards used was excessive.  After the incident, McBride was placed in administrative segregation or  "ad-seg."

McBride alleges that while he was in ad-seg, defendants Ruggles and Lopez came by his cell and told him that he was "lucky" because his injuries "could have been much worse." According to McBride, the guards visited him with similar comments on a number of occasions.  He alleges he interpreted these statements as threats and did not immediately file a grievance against the defendants for excessive force because he feared retaliation.

McBride further alleges that after over two months had passed he began to fear that if he did not report the earlier incident he might suffer harm, so he initiated the grievance process by filing the Inmate/Parolee Appeal Form required for grievances within the California state prison system. McBride filed the form on September 16, 2010, approximately ten weeks after the incident.  The filing was therefore approximately two months late, since California prison regulations then required grievances to be initiated within fifteen days.

The prison's appeals coordinator denied McBride's grievance on October 6, informing him that it was not timely and that McBride needed to provide an explanation for why he could not file in a timely fashion.  McBride responded on

October 20, explaining that he did not file on time because he was afraid of retaliation for reporting the incident, due to threats he had received from Lopez and Ruggles. On October 25, the appeals coordinator again rejected McBride's grievance, stating that McBride had failed to provide an adequate explanation for why he could not timely file.

McBride filed his pro se complaint in federal district court, pursuant to 42 U.S.C. § 1983, in December 2010, claiming violation of his Eighth Amendment rights by use of excessive force in connection with the original altercation. He also attached the record of his grievances, including the explanation he had submitted to the appeals coordinator as to why he could not timely file.

The district court granted defendants' motion to dismiss. The magistrate judge (in an order adopted by the district court) first noted that while our court had not considered the issue, a number of district courts in this circuit have ruled that threats cannot excuse a failure to exhaust. The order then reviewed the decisions of other circuits recognizing that threats can excuse a failure to exhaust. The district court concluded that even if it were to agree that threats can excuse a failure to exhaust, the statements by Lopez and Ruggles were not overtly threatening, but merely stating a fact when they described McBride as being "lucky" that his injuries were not worse. McBride appealed, and we appointed counsel to represent him.

## DISCUSSION

The Prison Litigation Reform Act states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a

prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This court has previously emphasized that the PLRA requires only that a prisoner exhaust available remedies, and that a failure to exhaust a remedy that is effectively unavailable does not bar a claim from being heard in federal court. In *Nunez v. Duncan*, 591 F.3d 1217, 1225–26 (9th Cir. 2010), the official rejecting the prisoner's grievance mistakenly relied on a particular regulation, and the prison obstructed the prisoner's efforts to obtain the regulation, resulting in delay. We held that the mistake of the prison Warden "rendered [the prisoner's] administrative remedies effectively unavailable" and that the prisoner's failure to exhaust was therefore "excused." *Id.* at 1226. In *Sapp v. Kimbrell*, 623 F.3d 813, 823 (9th Cir. 2010), we held that a prison's improper screening of a grievance can also render administrative remedies "'effectively unavailable' such that exhaustion is not required under the PLRA." Finally, in *Albino*, 747 F.3d at 1177, we held that where a jail did not inform a prisoner of the process for filing a complaint even after repeated requests, the jail did not prove that there was any realistically "available" remedy for the prisoner to exhaust.

While we have not yet explicitly addressed whether a threat of retaliation may be sufficient to render an administrative remedy "effectively unavailable," other circuits have. At least four have recognized that when a prisoner reasonably fears retaliation for filing a grievance, the administrative remedy is effectively rendered unavailable and the prisoner's failure to exhaust excused. *See, e.g.*, *Hemphill v. New York*, 380 F.3d 680, 688 (2d. Cir. 2004) (holding that threats render ordinary grievance procedures effectively unavailable when they are serious enough to deter "a similarly situated individual of ordinary firmness"); *Kaba v.*

*Stepp*, 458 F.3d 678, 684–86 (7th Cir. 2006) (citing with approval the objective "ordinary firmness" test from *Hemphill*); *Turner v. Burnside*, 541 F.3d 1077, 1084–85 (11th Cir. 2008) (holding that remedies "that rational inmates cannot be expected to use" because of threats are not available, and adopting a two-part test); *Tuckel v. Grover*, 660 F.3d 1249, 1254 (10th Cir. 2011) (adopting the two-part test from *Turner*).

Our recognition of such an exception today flows from our prior cases, since we have previously cited with approval the leading cases from the other circuits. *See Sapp*, 623 F.3d at 823 (citing *Turner*, *Kaba*, and a case from the Second Circuit that followed *Hemphill*); *Nunez*, 591 F.3d at 1224 (same). Recognizing such an exception therefore is fully supported by our precedent.

There are important reasons for recognizing such an exception. The PLRA imposes an exhaustion requirement in order to give an agency the opportunity to correct its own mistakes before being dragged into federal court and in order to promote greater efficiency and economy in resolving claims. *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). Requiring inmates to first exhaust through the prison's own process gives inmates an incentive to use the available remedies, i.e., to "pursue administrative proceedings that they might otherwise prefer to skip." *Sapp*, 623 F.3d at 823 (citing *Ngo*, 548 U.S. at 90). At the same time, we must discourage prisons from actions that might deter prisoners from using grievance procedures. We therefore allow prison inmates to bring these claims in federal court when prison officials have rendered the grievance process effectively unavailable. This provides an important incentive for the prison: to allow prisoners to file grievances freely, and without fear of

retaliation. *See Turner*, 541 F.3d at 1085 ("[Recognizing that threats can render administrative remedies unavailable] is beneficial because it reduces any incentive that prison officials otherwise might have to use threats to prevent inmates from exhausting their administrative remedies, and it thereby safeguards the benefits of the administrative review process for everyone.").

For these reasons it is now appropriate for our court to recognize expressly that the threat of retaliation for reporting an incident can render the prison grievance process effectively unavailable and thereby excuse a prisoner's failure to exhaust administrative remedies. Such recognition is consistent with the overall aim of the PLRA, and with providing efficient administration of the prison grievance system.

When we turn to the question of how to determine when a failure to exhaust is excusable, we find that the formulation of the test to determine excusability is not the same for all circuits. The Tenth and Eleventh Circuits apply a test that has both subjective and objective components, while the Second and the Seventh have a more generalized one-part test. The Eleventh Circuit test, later adopted by the Tenth, requires that two conditions be met: "(1) the threat [of retaliation] actually did deter the plaintiff inmate from lodging a grievance or pursuing a particular part of the process; and (2) the threat is one that would deter a reasonable inmate of ordinary firmness and fortitude from lodging a grievance or pursuing the part of the grievance process that the inmate failed to exhaust." *Id*. By contrast, the Second and Seventh Circuits hold that threats of retaliation may excuse a failure to exhaust when the threats are serious enough to deter "a similarly situated individual of

ordinary firmness." *Hemphill*, 380 F.3d at 688 (internal quotation marks omitted).

The Eleventh Circuit's test is straightforward and conceptually simple to apply. To show that a threat rendered the prison grievance system unavailable, a prisoner must provide a basis for the court to find that he actually believed prison officials would retaliate against him if he filed a grievance. If the prisoner makes this showing, he must then demonstrate that his belief was objectively reasonable. That is, there must be some basis in the record for the district court to conclude that a reasonable prisoner of ordinary firmness would have believed that the prison official's action communicated a threat not to use the prison's grievance procedure and that the threatened retaliation was of sufficient severity to deter a reasonable prisoner from filing a grievance. In oral argument, both parties in the case before us indicated their satisfaction with the application of the Eleventh Circuit's a test. We therefore adopt it.

Applying the subjective prong of the test to McBride's case, we consider whether McBride has sufficiently alleged that he was actually deterred from filing a grievance by the guards' threats. Construing the facts in the light most favorable to McBride, his allegation that he perceived the statement that he was "lucky," in that his injuries "could have been much worse," to be a threat not to use the prison grievance system is sufficient to satisfy the subjective prong. Given the circumstance that McBride had recently been beaten by the same guards making the statements, McBride could have believed the guards bore him considerable hostility and therefore the statements could be interpreted as threatening. To the extent the district court ruled to the contrary, we disagree.

Turning to the objective prong, we conclude that McBride failed to make the requisite showing. Even if McBride actually viewed the statements as threatening, the issue before us is whether the guards' statements could reasonably be viewed as threats of retaliation if McBride filed a grievance. As the district court recognized, the statements themselves make no reference to a grievance or to anything else, beyond the preexisting hostility, that might trigger a future attack on the part of the guards. McBride's case stands in stark contrast to the threats made to prisoners in *Turner* and *Hemphill*, which explicitly threatened retaliation if the prisoner used the prison's grievance system. *See Turner*, 541 F.3d at 1081; *Hemphill*, 380 F.3d at 684. Although the threat need not explicitly reference the grievance system in order to deter a reasonable inmate from filing a grievance, *c.f. Brodheim v. Cry*, 584 F.3d 1262, 1270 (9th Cir. 2009), there must be some basis in the record from which the district court could determine that a reasonable prisoner of ordinary firmness would have understood the prison official's actions to threaten retaliation if the prisoner chose to utilize the prison's grievance system. Only then will the threat render the prison grievance system effectively unavailable.

There was no objective indication that a reasonable inmate would have understood the statements to be aimed at deterring the inmate from filing a grievance. Though the guards' statements may have seemed threatening, an inmate would not have reasonably understood that the guards intended to retaliate for filing a grievance. The only potentially relevant fact McBride alleges is that he was beaten, and that the guards (who beat him) made the statements. If this fact, standing alone, were sufficient, any hostile interaction between a prisoner and prison officials would render the prison's grievance system unavailable.

There is no reason to allow inmates to avoid filing requirements on the basis of hostile interactions with guards when the interaction has no apparent relation to the use of the grievance system. Hostile interaction, even when it includes a threat of violence, does not necessarily render the grievance system "unavailable."

Accordingly, McBride has failed to demonstrate that the prison's grievance system was rendered effectively unavailable by the conduct of prison officials. Thus, he was required to exhaust his administrative remedies. By failing to timely file a grievance, McBride failed to satisfy this threshold requirement to review of his claims in federal court. The district court did not err by dismissing his complaint.

**AFFIRMED**.