**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LAWRENCE GEORGE HASH, | No. 14-16727 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-03729-MMC |
| v. | |
| CHARLES DUDLEY LEE, Health Care Manager, SVSP; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, District Judge, Presiding

Submitted January 20, 2016[**]

Before:     CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Lawrence George Hash, a California state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

retaliation and deliberate indifference to his safety and serious medical needs.  We

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (failure to exhaust administrative remedies); *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004) (summary judgment). We affirm.

The district court properly granted summary judgment on Hash's claims against defendants Blackstone, Mantel, Gantt, Rosa, Stevens, Thacker, Pistone, Burke, Washington, Perez, Mays, Walker, Lewis, Winn, Torrez, Variz, and Gomez because Hash did not properly exhaust his administrative remedies, and he did not show that administrative remedies were effectively unavailable to him. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." (internal citation and quotation marks omitted)); *McBride v. Lopez*, 807 F.3d 982, 987 (9th Cir. 2015) (explaining that to show that a threat rendered the prison grievance system unavailable, a prisoner must show that he actually believed prison officials would retaliate against him, and that his belief was objectively reasonable); *Sapp v. Kimbrell*, 623 F.3d 813, 823-24, 826-27 (9th Cir. 2010) (describing limited circumstances where improper screening renders administrative remedies unavailable or where exhaustion might otherwise be excused). Moreover, the

district court properly granted summary judgment on Hash's retaliation claim against defendant Kessler and his deliberate indifference claim against defendant Bowman for the same reasons. *See Woodford*, 548 U.S. at 90; *McBride*, 807 F.3d at 987; *Sapp*, 623 F.3d at 823-24, 826-27.

The district court properly granted summary judgment on Hash's deliberate indifference claim against defendant Kessler because Hash failed to raise a genuine dispute of material fact as to whether Kessler was aware of a substantial risk of serious harm. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("[A] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."). Moreover, the district court properly granted summary judgment on Hash's deliberate indifference claim against defendants Arceo, Bowman, Delfs, Grannis, Kates, Krossa, Lee, and Wall because Hash failed to raise a genuine dispute of material fact as to whether these defendants failed to provide adequate post-hospitalization care. *See id.*

The district court did not abuse its discretion by considering defendants' relevant declarations, which were signed under penalty of perjury and based on

personal knowledge. *See Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1018 (9th Cir. 1990) (per curiam) (setting forth standard of review and explaining that "personal knowledge and competence to testify are reasonably inferred from [the declarants'] positions and the nature of their participation in the matters to which they swore . . . ."). The declarations that were not signed under penalty of perjury were not necessary to the district court's decision. We reject as without merit Hash's contentions regarding alleged procedural defects in defendants' motion papers.

Hash's request to file a reply in support of his Fed. R. App. P. 28(j) letter, filed on August 6, 2015, is denied.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**