**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 07 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT E. PARKES,<br><br>  Plaintiff - Appellant,<br><br>v.<br><br>GREG COX, Director of NDOC; et al.,<br><br>  Defendants - Appellees. | No. 15-15485<br><br>D.C. No. 3:11-cv-00902-LRH-WGC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted May 24, 2016[**]

Before:    REINHARDT, W. FLETCHER, and OWENS, Circuit Judges.

Nevada state prisoner Robert E. Parkes appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging constitutional

violations arising from a slip and fall incident while he was working in the prison

kitchen and his termination from his prison kitchen job.  We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291.  We review de novo.  *Doe v. Abbott Labs.*, 571 F.3d 930, 933 (9th Cir. 2009).  We affirm in part, reverse in part, vacate in part, and remand.

The district court properly granted summary judgment on Parkes' deliberate indifference claim against defendants Cox and Benedetti because Parkes failed to raise a genuine dispute of material fact as to whether these defendants were aware of a threat to Parkes' safety.  *See Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (prison officials act with deliberate indifference only if they know of and disregard a "substantial risk of serious harm" to prisoner); *see also Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (requirements for establishing supervisory liability).

The district court properly granted summary judgment on Parkes' equal protection claim because Parkes failed to raise a genuine dispute of material fact as to whether defendants acted with a discriminatory intent or motive.  *See Navarro v. Block*, 72 F.3d 712, 716 (9th Cir. 1995) ("[T]he Equal Protection Clause requires proof of discriminatory intent or motive." (emphasis omitted)).

Summary judgment on Parkes' deliberate indifference claim against defendants Burton and Kahler was improper because, viewing the evidence in the light most favorable to Parkes, Parkes raised a genuine dispute of material fact as to whether these defendants were aware of a risk to Parkes' safety and disregarded

15-15485

that risk. *See Toguchi*, 391 F.3d at 1057. Specifically, while the district court concluded that Parkes presented no evidence that these defendants were aware of the risk, Parkes stated, inter alia, in his verified complaint that he personally told defendants Burton and Kahler about the safety risk posed by the slipperiness of the kitchen floor. Accordingly, we reverse this claim and remand for further proceedings.

Parkes alleged that he did not file grievances exhausting his retaliatory firing claim because he was afraid of further retaliatory acts. In *McBride v. Lopez*, 807 F.3d 982, 984, 986-87 (9th Cir. 2015), which was issued after the district court's decision, this court held "that fear of retaliation may be sufficient to render the inmate grievance procedure unavailable" and adopted a two-part test requiring a prisoner to provide a subjective and objective basis for the fear. Therefore, in light of this intervening authority, we vacate this claim, and remand for the district court to determine in the first instance whether administrative remedies were effectively unavailable on Parkes' retaliatory firing claim.

In sum, we affirm summary judgment on Parkes' equal protection claim, affirm summary judgment on Parkes' deliberate indifference claim against defendants Cox and Benedetti, reverse summary judgment on Parkes' deliberate indifference claim against defendants Burton and Kahler, and vacate summary

judgment on Parkes' retaliatory firing claim.

Parkes' opposed motion to strike, filed on November 23, 2015, is denied.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, VACATED in part, and REMANDED.**