FILED

NOT FOR PUBLICATION

DEC 22 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SAUL PELAYO, | No. 15-16837 |
| Plaintiff-Appellant, | D.C. No. 5:13-cv-03618-RMW |
| v. | |
| G. HERNANDEZ, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, District Judge, Presiding

Submitted December 14, 2016 [**]

Before:     WALLACE, LEAVY, and FISHER, Circuit Judges.

California state prisoner Saul Pelayo appeals pro se from the district court's

summary judgment in his 42 U.S.C. § 1983 action alleging federal claims.  We

have jurisdiction under 28 U.S.C. § 1291.  We review de novo a district court's

summary judgment on the basis of failure to exhaust administrative remedies.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

*Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015). We affirm.

The district court properly granted summary judgment on Pelayo's retaliation claim because Pelayo failed to raise a genuine dispute of material fact as to whether he properly exhausted administrative remedies or whether administrative remedies were effectively unavailable to him. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." (emphasis, citation, and internal quotation marks omitted)); *Paramo*, 775 F.3d at 1191 (a prisoner who does not exhaust administrative remedies must show that "there is something particular in his case that made the existing and generally available administrative remedies effectively unavailable to him . . . ."); *see also McBride v. Lopez*, 807 F.3d 982, 987-88 (9th Cir. 2015) (to show that a threat rendered the prison grievance system unavailable, a prisoner must show that he actually believed prison officials would retaliate against him, and that his belief was objectively reasonable).

Pelayo's motion to compel discovery, filed on July 7, 2016, is denied.

**AFFIRMED.**

15-16837