**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES MARK HINKLEY,<br><br>             Plaintiff-Appellant,<br><br>   v.<br><br>KIRK JESSEE; et al.,<br><br>             Defendants-Appellees. | No. 16-35393<br><br>D.C. No. 4:14-cv-05117-TOR<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, Chief Judge, Presiding

Submitted April 11, 2017**

Before:    GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Former Washington state prisoner James Mark Hinkley appeals pro se from

the district court's judgment in his 42 U.S.C. § 1983 action alleging several

constitutional violations.  We have jurisdiction under 28 U.S.C. § 1291.  We

review de novo.  *Glenn v. Washington County*, 673 F.3d 864, 870 (9th Cir. 2011)

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\**      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(summary judgment); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A). We may affirm on any basis supported by the record. *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1047 (9th Cir. 2009). We affirm.

The district court properly granted summary judgment on Hinkley's retaliation claims against defendants Shatto, Ansorge, and Allen because Hinkley failed to raise a genuine dispute of material fact as to whether these defendants acted with a retaliatory motive or acted in the absence of a legitimate correctional goal. *See Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (elements of a retaliation claim in the prison context); *see also Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014) ("[M]ere speculation that defendants acted out of retaliation is not sufficient."); *Pratt v. Rowland*, 65 F.3d 802, 806-07 (9th Cir. 1995) (explaining that it is the plaintiff's burden to prove the absence of a legitimate correctional goal and that courts "ought to afford appropriate deference and flexibility to prison officials" when evaluating proffered legitimate goals (citation and internal quotation marks omitted)).

The district court properly granted summary judgment on Hinkley's retaliation claim against defendant Jessee because Hinkley failed to raise a genuine dispute of material fact as to whether he properly exhausted administrative remedies or whether administrative remedies were effectively unavailable to him.

*See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (the Prison Litigation Reform Act requires "proper exhaustion," which means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)" (emphasis, citation, and internal quotation marks omitted)); *McBride v. Lopez*, 807 F.3d 982, 987-88 (9th Cir. 2015) (to show that a threat rendered the prison grievance system unavailable, a prisoner must show that he actually believed prison officials would retaliate against him, and that his belief was objectively reasonable).

Summary judgment was proper as to Hinkley's claims against defendants Knight and Shumate because Hinkley failed to raise a genuine dispute of material fact regarding whether these defendants personally participated in the alleged constitutional violations. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (setting forth requirements for establishing supervisory liability under § 1983); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) ("In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation . . . .").

The district court properly dismissed Hinkley's claims against defendant Warner because Hinkley failed to allege facts sufficient to show that Warner personally participated in the alleged constitutional violations. *See Starr*, 652 F.3d at 1207.

16-35393

The district court properly dismissed Hinkley's Fourth Amendment and Eighth Amendment claims against defendants Shatto, Ansorge, and Allen because prisoners have no Fourth Amendment right of privacy in their cells, *see Hudson v. Palmer*, 468 U.S. 517, 525-26 (1984), and Hinkley did not allege facts sufficient to show that these defendants acted with deliberate indifference to a substantial risk of serious harm, *see Farmer v. Brennan,* 511 U.S. 825, 836 (1994).

The district court properly dismissed Hinkley's Eighth Amendment claim against defendant Jessee because Hinkley did not allege facts sufficient to show that Jessee acted with deliberate indifference to a substantial risk of serious harm. *See Farmer,* 511 U.S. at 836.

**AFFIRMED.**

16-35393