NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 25 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT ANTHONY SEALEY, | No.  14-35958 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-00975-BJR |
| v. | |
| FRANK BUSICHIO; CHRISTINE BUNNELL, MCC - Medical Health Care Provider; KENNETH B. LAUREN; MR. BECHLER, CC2, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Barbara Jacobs Rothstein, District Judge, Presiding

Submitted May 15, 2017**
Seattle, Washington

Before:  HAWKINS, GOULD, and PAEZ, Circuit Judges.

Robert Sealey appeals the district court's grant of summary judgment to the

defendants, personnel at Washington State's Monroe Correctional Complex.  We

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The Prison Litigation Reform Act requires that a prisoner exhaust available administrative remedies before filing an action to challenge prison conditions. 42 U.S.C. § 1997e(a). A threat of retaliation may render the prison grievance system effectively unavailable, and excuse a prisoner's failure to exhaust administrative remedies. *McBride v. Lopez*, 807 F.3d 982, 984, 987–88 (9th Cir. 2015). To avoid the exhaustion bar on the ground of a fear of retaliation, a prisoner must show both a subjective and objective basis for that fear. *Id.* To meet the subjective prong, the prisoner must "provide a basis for the court to find that he actually believed prison officials would retaliate against him if he filed a grievance" and that he was actually deterred from filing a grievance. *Id.* at 987–88. To meet the objective prong, "there must be some basis in the record for the district court to conclude that a reasonable prisoner of ordinary firmness would have believed that the prison official's action communicated a threat not to use the prison's grievance procedure and that the threatened retaliation was of sufficient severity to deter a reasonable prisoner from filing a grievance." *Id.* at 987.

Sealey averred that he would have filed a grievance about the denial of pain medication but for the medical staff's threat that if Sealey "caused any trouble about the medical care, [he] would be transferred to another institution where really bad inmates were and [he] would not receive any medical care." This sworn

2

statement satisfies Sealey's burden as to the subjective prong. *Cf. id.* at 988.

Sealey did not, however, present sufficient evidence to create a genuine dispute of material fact as to the objective prong. The medical staff's statement did not reference the grievance system, and there is no objective indication that a reasonable prisoner would have understood that statement to mean that the prisoner would be retaliated against for filing a grievance. *Compare id.* (concluding that McBride failed to make the requisite showing to meet the objective prong), *with Turner v. Burnside*, 541 F.3d 1077, 1081, 1084–86 (11th Cir. 2008) (holding that a warden's threat to "put [Turner] . . . in the van . . . and transfer [him] so far south that [he] would never be able to see [his] family again till [he] got out of the Georgia Prison System," and the warden's tearing up Turner's submitted formal grievance and telling Turner that the warden "'had better not hear of another grievance or lawsuit pertaining to [Turner] getting shocked,'" may be sufficient to excuse nonexhaustion (last alteration in original)). Also, Sealey's observations of inmates being transferred after filing grievances, and statements by other inmates telling Sealey he would be transferred if he filed a grievance do not meet the objective prong. Sealey did not assert that the medical staff caused other inmates to be transferred. The objective prong rests on the actions of officials, not on statements of other prisoners. *See McBride*, 807 F.3d at 988.

The other evidence that Sealey asserts shows retaliation—particularly destructive and frequent cell searches, shortened visitation times, and less time to shower and move between locations—is insufficient to create an issue of material fact. He asserts that officers who engaged in these retaliatory actions were in the medical office when he had a disagreement with his care provider, and that the disagreement motivated the officers to retaliate. Although circumstantial evidence can be sufficient to overcome summary judgment in a retaliation case, such evidence must be specific. *McCollum v. Cal. Dep't of Corr. & Rehab.*, 647 F.3d 870, 882 (9th Cir. 2011). References to unnamed officers being present in the medical office at unspecified times, who then engaged in various activities at unspecified times, is not enough. Other than Sealey's bare speculation and his vague assertion that "other inmates confirmed[] that [he] was being treated this way because [he] complained so much about medical care," Sealey offers no evidence that these actions were taken in retaliation for his complaints. Pure speculation, without "any basis in personal knowledge for the plaintiff's subjective belief about the defendant's motive" is not cognizable evidence. *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1028 (9th Cir. 2001).

Moreover, while Sealey did not file a grievance here on his claims of inadequate medical care, Sealey continued to file a stream of complaints in kites on

4

his alleged lack of medical care.  This somewhat weakens the objective basis for his contention that he was deterred here from using the normal grievance process.

**AFFIRMED.**