NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 17 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LESLIE GREY VANAMAN,

Plaintiff-Appellant,

v.

JT SHARTLE; et al.,

Defendants-Appellees.

No. 16-16713

D.C. No. 4:15-cv-00311-JGZ

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Submitted August 9, 2017[**]

Before:     SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Federal prisoner Leslie Grey Vanaman appeals pro se from the district court's summary judgment in his action brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging constitutional claims. We have jurisdiction under 28 U.S.C. § 1291. We review de

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

novo. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (summary judgment for failure to exhaust administrative remedies); *Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011) (cross-motions for summary judgment). We may affirm on any basis supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

The district court properly granted summary judgment because Vanaman failed to raise a genuine dispute of material fact as to whether he properly exhausted administrative remedies or whether administrative remedies were effectively unavailable to him. *See Ross v. Blake*, 136 S. Ct. 1850, 1858-60 (2016) (setting forth circumstances when administrative remedies are unavailable); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." (citation, internal quotation marks, and emphasis omitted)); *McBride v. Lopez*, 807 F.3d 982, 987-88 (9th Cir. 2015) (to show that a threat rendered the prison grievance system unavailable, a prisoner must show that he actually believed prison officials would retaliate against him and that his belief was objectively reasonable). We reject as without merit Vanaman's contention that summary judgment was not proper on Vanaman's later-arising claims against defendants Hubble and Sargent.

16-16713

The district court's denials of Vanaman's motions to deny further time extensions and for an order under Federal Rule of Civil Procedure 4(d)(2)(A) were not an abuse of discretion because Vanaman failed to establish good cause and Vanaman personally incurred no service-related costs due to defendants' failure to waive service of process. *See* Fed. R. Civ. P. 4(d)(2)(A) (providing that if defendant fails, without good cause, to waive service of process, the court must impose on the defendant "the expenses later *incurred* in making service") (emphasis added); *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258 (9th Cir. 2010) (setting forth standard of review); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609-10 (9th Cir. 1992) (district court has broad discretion to manage its docket).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Vanaman's "motion for judicial notice and request for order" (Docket Entry No. 11) is denied.

Vanaman's request for an order requiring defendants to pay the costs of appeal, set forth in his reply brief, is denied.

**AFFIRMED.**