**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 23 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAMON EARL FRANKLIN,<br><br>　　　　　Plaintiff-Appellant,<br><br>　v.<br><br>JIM McDONNELL, Los Angeles County<br>Sheriff; et al.,<br><br>　　　　　Defendants-Appellees. | No.　19-55156<br><br>D.C. No. 2:16-cv-01192-CAS-AGR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted October 15, 2019[**]

Before:　　FARRIS, LEAVY, and RAWLINSON, Circuit Judges.

California state prisoner Damon Earl Franklin appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

deliberate indifference to his safety and negligence arising from his pretrial

detention. We have jurisdiction under 28 U.S.C. § 1291. We review de novo.

---

[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

*Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015).  We affirm.

The district court properly granted summary judgment because Franklin failed to exhaust his administrative remedies and failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (proper exhaustion requires "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)") (emphasis, citation, and internal quotation marks omitted); *McBride v. Lopez*, 807 F.3d 982, 986 (9th Cir. 2015) (to show that a threat rendered the prison grievance system unavailable, a prisoner must show that he subjectively believed prison officials would retaliate against him and that his belief was objectively reasonable).

**AFFIRMED.**