NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 23 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RAUL ARELLANO,

Plaintiff-Appellant,

v.

R. OLSON, Appeal Coordinator (CCII);
COMMISSIONER OF STATE
DEPARTMENT OF CORRECTIONS,

Defendants-Appellees,

and

B. SELF, CCII (Appeal Coordinator); et al.,

Defendants.

No. 19-56264

D.C. No. 3:15-cv-02300-AJB-LL

MEMORANDUM*

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Submitted February 17, 2021**

Before:     FERNANDEZ, BYBEE, and BADE, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

California state prisoner Raul Arellano appeals pro se from the district court's summary judgment for failure to exhaust administrative remedies in his 42 U.S.C. § 1983 action alleging retaliation. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015). We affirm.

The district court properly granted summary judgment because Arellano failed to exhaust his administrative remedies and failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (proper exhaustion requires "using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)" (citation and internal quotation marks omitted)); *McBride v. Lopez*, 807 F.3d 982, 986-87 (9th Cir. 2015) (to show that a threat rendered the prison grievance system unavailable, a prisoner must show that he subjectively believed prison officials would retaliate against him and that his belief was objectively reasonable).

The district court did not abuse its discretion by excluding the late filed signature page for Arellano's opposition to defendants' motion for summary judgment. *See Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002) (setting forth standard of review and grounds for excluding evidence).

**AFFIRMED.**