**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANIEL J. MATTHEWS, | No. 20-36008 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-01958-SBD |
| v. | |
| J. TAYLOR, Superintendent Eastern Oregon Correctional Institution; H. RILEY, Case Manager at EOCI; J. DUVAL, Behavioral Sciences Manager at EOCI; MILLER, Sgt. at EOCI; WHITE, Corrections officer at EOCI; MEAD, Corrections officer at EOCI; TESTER, Corrections officer at EOCI; CURTIS ULRICH, Correctional Officer, in individual and professional capacities; JOHN DOE, (2) Correctional Officer at EOCI; N. SOBOTTA, Grievance coordinator at EOCI; MORRISON, Case Manager at EOCI; T. CHASE, Prescriber at EOCI; J. FRAZIER, in professional and individual capacity; MAILROOM STAFF AT EOCI; BRIGITTE AMSBERRY, in professional and individual capacity; THOMAS LEMENS, in professional and individual capacity; YESENIA RANGEL, Mailroom Supervisor, in individual and professional capacity; GREG CLARK, | MEMORANDUM[*] |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Mailroom Supervisor, in individual and professional capacity; JAMES GALLINO, in individual and professional capacities; STEVE BRUNING, in individual and professional capacities; KIMBERLY CARRIER, in individual and professional capacities; GREGORY A. CARLSON, in individual and professional capacities; MATTHEW KEYSER, in individual and professional capacities; TRINA N. WHITAKER, in individual and professional capacities,

Defendants-Appellees.

Appeal from the United States District Court
for the District of Oregon
Stacie F. Beckerman, Magistrate Judge, Presiding

Submitted June 21, 2021[**]
San Francisco, California

Before: FERNANDEZ, SILVERMAN, and N.R. SMITH, Circuit Judges.

Daniel Matthews, an Oregon prisoner, appeals the district court's grant of summary judgment in favor of the Oregon Department of Corrections ("ODOC") officials against whom he filed his 42 U.S.C. § 1983 claims. We affirm.

_____

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment for the ODOC officials on many of Matthews' claims based on his failure to exhaust available administrative remedies before filing this action. *See* 42 U.S.C. § 1997e(a); *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (en banc). Matthews' argument that the grievance process was unavailable to him because he feared retaliation for using it does not excuse his failure to exhaust. The record lacks evidence that he actually feared retaliation for properly completing the grievance process or that any fear of retaliation would have been objectively reasonable. *See McBride v. Lopez*, 807 F.3d 982, 986–88 (9th Cir. 2015). Nor was the grievance process rendered unavailable by ODOC's rule limiting the number of grievances that a prisoner can file per week and month; the record shows that none of Matthews' grievances were denied on that basis. Finally, grievance coordinator, N. Sobotta, did not obstruct the grievance process by "forcing" Matthews to alter the date on two of his grievances. The record shows that the change in date did not affect the outcomes of the grievances, and Matthews was not hindered from filing more grievances thereafter.

The district court also properly granted summary judgment for Sobotta on Matthews' retaliation and due process claims. Matthews produced no evidence that any of Sobotta's actions, in processing his grievances and having him make

20-36008

non-substantive changes to two grievances, would chill an ordinary person's exercise of First Amendment rights, or that her conduct failed to advance legitimate penological purposes. *See Rhodes v. Robinson*, 408 F.3d 559, 567–69 (9th Cir. 2005); *cf. Woodford v. Ngo*, 548 U.S. 81, 94–95, 126 S. Ct. 2378, 2387–88, 165 L. Ed. 2d 368 (2006). Nor did Matthews have a liberty interest in a particular grievance procedure. *See Ramirez v. Galaza*, 334 F.3d 850, 860–61 (9th Cir. 2003). Sobotta had legitimate reasons for denying his grievances, and her handling of those grievances did not impose an atypical and significant hardship on him or affect the degree of his confinement. *See Chappell v. Mandeville*, 706 F.3d 1052, 1063–65 (9th Cir. 2013).

Summary judgment in favor of the mailroom officials on Matthews' retaliation, due process, and access to the courts claims was similarly appropriate. Matthews produced no evidence that these officials ripped, censored, or otherwise misplaced any of his mail, or that they acted with any retaliatory animus. *See Rhodes*, 408 F.3d at 567–68; *see also Wood v. Yordy*, 753 F.3d 899, 904–05 (9th Cir. 2014). Additionally, summary judgment on Matthews' access to the courts claim was proper because he submitted no evidence showing how the loss of his friend's declaration affected his ability to obtain post-conviction relief. *See Christopher v. Harbury*, 536 U.S. 403, 413–14, 122 S. Ct. 2179, 2186, 153 L. Ed.

2d 413 (2002); *Lewis v. Casey*, 518 U.S. 343, 348, 116 S. Ct. 2174, 2178, 135 L. Ed. 2d 606 (1996).

Finally, the district court also properly granted summary judgment for the administrative segregation officials on Matthews' excessive force claim. Matthews offered no evidence suggesting that the officials acted maliciously and sadistically for the very purpose of causing harm rather than in a good-faith effort to stop him from committing suicide. *Cf. Hudson v. McMillian*, 503 U.S. 1, 6–7, 112 S. Ct. 995, 998–99, 117 L. Ed. 2d 156 (1992); *Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2002).[1]

**AFFIRMED.**

---

[1] Because the claim against the responding officials does not amount to a constitutional violation, Matthews' claim against J. Frazier for supervisory liability also fails. *See Keates v. Koile*, 883 F.3d 1228, 1242–43 (9th Cir. 2018).