NOT FOR PUBLICATION

**FILED**

MAR 21 2023

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MORIANO D. MILLARE, | No. 21-16946 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-00451-WBS-JDP |
| v. | |
| C. JACKSON, Lieutenant; DVI; M. VIVERO, Captain; DVI; K. D. JOHNSON, Associate Warden; DVI; K. KESTERSON, Chief Deputy Warden; DVI; G. MURPHY, Captain, Appeals Examiner; Department of Corrections and Rehabilitation, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted March 14, 2023**

Before:     SILVERMAN, SUNG, and SANCHEZ, Circuit Judges.

California state prisoner Moriano D. Millare appeals pro se from the district

court's summary judgment for failure to exhaust administrative remedies in his 42

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1983 action alleging First Amendment retaliation. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Nunez v. Duncan*, 591 F.3d 1217, 1222 (9th Cir. 2010). We affirm.

The district court properly granted summary judgment on Millare's retaliation claim because Millare failed to exhaust his administrative remedies and failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable to him. *See Ross v. Blake*, 578 U.S. 632, 642-44 (2016) (explaining that an inmate must exhaust "available" administrative remedies before bringing suit, and describing limited circumstances in which administrative remedies are unavailable); *Griffin v. Arpaio*, 557 F.3d 1117, 1121 (9th Cir. 2009) (explaining that a grievance must "provide enough information . . . to allow prison officials to take appropriate responsive measures" (citation and internal quotation marks omitted)); *McBride v. Lopez*, 807 F.3d 982, 987 (9th Cir. 2015) ("To show that a threat rendered the prison grievance system unavailable, a prisoner must provide a basis for the court to find that he actually believed prison officials would retaliate against him if he filed a grievance . . . [and] demonstrate that his belief was objectively reasonable.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on

appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n. 2 (9th Cir. 2009).

**AFFIRMED.**