**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TIMOTHY DEANORE WILKINS, | No. 22-55745 |
| Plaintiff-Appellant, | D.C. No. 2:21-cv-03383-VAP-E |
| v. | |
| CORRECTIONAL OFFICERS; JONES, Correctional Sergeant, individual; LUND, Correctional Officer, individual; STEVE R. BRENNEMAN, Correctional Officer, individual; ANGELO DOLIDA, Correctional Officer, individual; A. MORENO, Correctional Officer, in his individual capacity; D. MANER, Correctional Officer, in his individual capacity; JACOBS, Correctional Officer, in his individual capacity; LESLIE KINGSLEY, Correctional Officer, in her individual capacity, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted March 7, 2024[]
San Francisco, California

Before: O'SCANNLAIN, FERNANDEZ, and SILVERMAN, Circuit Judges

Timothy Wilkins appeals pro se from the district court's grant of summary judgment in his 42 U.S.C. § 1983 civil rights action alleging violations of the First and Eighth Amendments. We have jurisdiction under 28 U.S.C. § 1291. We review de novo,[1] and we affirm.

The district court did not err in granting summary judgment on Wilkins's civil rights claims because Wilkins failed to exhaust his administrative remedies and failed to raise a triable issue of material fact as to whether administrative remedies were effectively unavailable. *See Draper v. Rosario*, 836 F.3d 1072, 1079–80 (9th Cir. 2016). Even considering Wilkins's rejected communications to the district court and later cases alleging retaliation,[2] the record lacks evidence that

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014) (en banc).

[2] This Court may take judicial notice of legal proceedings. *See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). Wilkins's request for judicial notice of *Wilkins v. Holcolm*, No. 22-cv-3608-SVW (C.D. Cal. Oct. 24, 2022) and *Wilkins v. Samuels*, No. 22-cv-2434-SVW (C.D. Cal. Oct. 24, 2022), and his rejected filings in the district court, is granted. Appellees' motion for judicial notice of the dockets and dismissal orders in *Holcolm* and *Samuels* is also granted.

Wilkins actually feared retaliation for using the administrative grievance process, let alone that any fear of retaliation was objectively reasonable.[3]

**AFFIRMED.**

---

[3] *See McBride v. Lopez*, 807 F.3d 982, 987–88 (9th Cir. 2015).