**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TYREL GERRARD BRANNON, | No. 22-16728 |
| Plaintiff-Appellant, | D.C. No. 3:21-cv-04671-JD |
| v. | |
| COVARRUBIAS, Sgt.; CELESTIN, L.V.N.; A. RODRIGUEZ, Correctional Officer; Floor Officer D-Yard; CELESTIN, Licensed Vocational Nurse, Salinas Valley State Prison; J. GONZALEZ; D DELGADILLO, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Submitted March 19, 2024**
San Francisco, California

Before: FRIEDLAND, SANCHEZ, and H.A. THOMAS, Circuit Judges.

Tyrel Gerrard Brannon, a state prisoner proceeding pro se, sued Defendants

for excessive force and deliberate indifference to his medical needs under 42

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1983. Brannon appeals the district court's order granting summary judgment to Defendants based on Brannon's failure to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). We have jurisdiction under 28 U.S.C. § 1291. We affirm.[1]

"We review de novo a district court's summary judgment ruling that an inmate has not exhausted his claims within the meaning of the [PLRA]." *Fordley v. Lizarraga*, 18 F.4th 344, 351 (9th Cir. 2021). A defendant bears the burden "to prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (en banc). Once the defendant shows that such a remedy was generally available, the burden shifts to the prisoner to show "that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.*

1. California's custody grievance process consists of two levels: (1) an institutional-level review conducted by the Office of Grievances; and (2) a headquarters-level review conducted by the Office of Appeals. Cal. Code Regs. tit.

---

[1] In his operative complaint, Brannon did not name Defendants California Department of Corrections and Rehabilitation, Bick, Orozco, or Pacheco. The district court also dismissed Defendants Atchley, Ezeka, Gomez, Serrano-Jiminez, and Vega. As such, Appellees' unopposed motion to dismiss these appellees from this appeal (Dkt. No. 14) is **GRANTED**. The Clerk shall amend the case caption to *Tyrel Gerrard Brannon v. Covarrubias, et al.*

15, §§ 3481(a)–(b), 3482, 3483, 3486.[2] Officials can reject claims if not timely submitted or if they substantially duplicate a prior claim submitted by the same inmate. *Id.* §§ 3483(i)(6), 3486(i)(6), 3487(a). A substantive decision on the merits from the Office of Appeals is required to exhaust a claim. *Id.* § 3486(m).

Similarly, California's healthcare grievance process consists of two levels: (1) an institutional-level review conducted by the Health Care Grievance Office; and (2) a headquarters-level review conducted by the Health Care Correspondence and Appeals Branch. *Id.* §§ 3999.225, 3999.227. Prisoners cannot add new claims during the grievance process. *Id.* §§ 3999.227(a), 3999.229(a)(3). Only issues addressed in the headquarters-level review are deemed exhausted. *Id.* § 3999.230(i)–(j).

It is undisputed that Brannon failed to submit two of his grievances for headquarters-level review: Grievance No. 114264 and Grievance No. MCSP HC 21001759. Because Brannon failed to exhaust his administrative remedies as to these two grievances, the district court did not err in granting summary judgment in favor of Defendants.

The record also demonstrates that Brannon failed to comply with the grievance process with respect to his healthcare grievance, Grievance No. MCSP

---

[2] All citations to the California Code of Regulations are to the versions in effect from 2020 to 2021, when Brannon filed and appealed his grievances.

HC 21001019/SVSP SC 21000054. Brannon's grievance, filed in April 2021, alleged that a nurse "attempted to cover up his injuries by claiming . . . there [were] no injuries" and requested that the nurse be "removed from her position." The institutional-level review found that there was no need for intervention and denied Brannon's request to remove the nurse from her position. Brannon then appealed, alleging for the first time that the nurse had "refused [him] medical attention in a time of need." The headquarters-level review declined intervention and did not address Brannon's new claim that the nurse had refused to treat him. Because prisoners cannot add new claims during the grievance process, *see* Cal. Code Regs. tit. 15, §§ 3999.227(a), 3999.229(a)(3), and since only issues addressed in the headquarters-level review are deemed exhausted, *id.* § 3999.230(i)–(j), Brannon failed to exhaust his claim that the nurse refused him medical attention.

2. We reject Brannon's argument that administrative remedies were effectively unavailable as to his claims arising out of Grievance No. 112830 because he received a "time expired" response to his appeal. In April 2021, Brannon submitted a grievance alleging that five correctional officers beat him on January 13, 2020, and that a nurse covered up his injuries by filing a false report. In May 2021, the Office of Grievances rejected Brannon's grievance as untimely because he did not file it within 30 days of the incident. Brannon then submitted an appeal for a headquarters-level review. In January 2022, the Office of Appeals sent

4

Brannon a "time expired" decision stating that the headquarters-level review was not able to respond to the claim within 60 days as required under the California regulations, and that there would be no further response to Brannon's grievance. *See* Cal. Code. Regs. tit. 15, §§ 3486(i)(10), 3487(a). As a result, the institutional-level review decision finding Brannon's grievance untimely served as the final response.

Here, the headquarters-level "time expired" decision did not change the fact that Brannon's grievance was untimely. *See id.* § 3486(m) ("A claim is not exhausted if it was . . . rejected pursuant to subsection 3487(a)."); *see also Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules. . . ."). And we have never adopted "a bright-line rule that *any* delay in a prison's response to an inmate's grievance is sufficient to render administrative remedies unavailable." *Fordley*, 18 F.4th at 358. As such, the district court did not err in granting summary judgment in favor of Defendants.

3. We also reject Brannon's arguments that administrative remedies were effectively unavailable due to the threat of retaliation. In his initial grievance, Brannon alleged that "[i]t took a while for [him] to bring this to the light due to backlash." In his headquarters-level appeal, Brannon clarified that he "didn't make the time frame" because he "was getting major backlash," and that he kept "qui[et]

5

until [he] felt safe to file paperwork." But there is nothing in the record to support Brannon's claims that the grievance process was unavailable to him.[3] And the record shows that Brannon filed other grievances between January 2020 and April 2021, further undercutting his contentions.

**AFFIRMED.**[4]

---

[3] Specifically, Brannon alleged that officers told him that his grievance forms "wouldn't make it to the appeals office," and that he "never got a response for any paperwork [he] filed." Brannon also alleged that he "was sexually assaulted after he was beaten[] as well as threatened with a life sentence," that he "tried to kill [him]self [and] was transferred" to another prison, that "when [he] spoke up [he] was forced to recant," and that an officer told him that he "was go[ing to] spend the rest of [his] life with the blacks as a gay." But there is no indication in the grievance or elsewhere in the record that these threats were related to Brannon's use of the grievance process. *See McBride v. Lopez*, 807 F.3d 982, 988 (9th Cir. 2015) ("There is no reason to allow inmates to avoid filing requirements on the basis of hostile interactions with guards when the interaction has no apparent relation to the use of the grievance system. Hostile interaction, even when it includes a threat of violence, does not necessarily render the grievance system 'unavailable.'").

[4] Brannon's motion for a protective order (Dkt. No. 24) is unrelated to this case, and is therefore **DENIED**.