NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 24 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RODNEY T. KRALOVETZ, | No. 20-15437 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-00299-WHA |
| v. | |
| MARION SPEARMAN, Warden; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted May 18, 2021[**]

Before:    CANBY, FRIEDLAND, and VANDYKE, Circuit Judges.

California state prisoner Rodney T. Kralovetz appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

deliberate indifference and due process claims.  We review de novo.  *Albino v.*

*Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (en banc).  We affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment on Kralovetz's deliberate indifference claim because Kralovetz failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable to him. *See Ross v. Blake*, 136 S. Ct. 1850, 1858-60 (2016) (explaining that an inmate must exhaust such administrative remedies as are available before bringing suit, and describing limited circumstances in which administrative remedies are unavailable); *McBride v. Lopez*, 807 F.3d 982, 986-87 (9th Cir. 2015) (to show that a threat rendered the prison grievance system unavailable, a prisoner must show that he subjectively believed prison officials would retaliate against him and that his belief was objectively reasonable).

In his opening brief, Kralovetz fails to raise, and has therefore waived, any challenge to the district court's summary judgment on his due process claim. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[W]e will not consider any claims that were not actually argued in appellant's opening brief."); *Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1993) (issues not supported by argument in pro se appellant's opening brief are waived).

We reject as meritless Kralovetz's contention that he should be given an additional opportunity to amend his complaint.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on

appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We do not consider documents not presented to the district court.  *See*

*United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

Kralovetz's request for appointment of counsel, set forth in his reply brief, is

denied.

Kralovetz's request for copies of his reply brief, set forth in his reply brief, is

granted in part.  The Clerk is directed to mail two copies of Kralovetz's reply brief

to him.

**AFFIRMED.**